**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | : Bankruptcy No. 20-10622-amc |
| Katie E. Bryant a/k/a Katie Blue a/k/a Katie Bryant Blue | : Chapter 13 |
| Debtor | : |
| Bridgecrest Credit Company, LLC | : |
| Movant | : |
| | : |
| vs. | : |
| Katie E. Bryant a/k/a Katie Blue a/k/a Katie Bryant Blue | : |
| Debtor/Respondent | : |
| and | : |
| William C. Miller, Esquire | : |
| Trustee/Respondent | : |

**CONSENT ORDER / STIPULATION AGREEMENT SETTLING
MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY**

AND NOW, upon the Motion of Bridgecrest Credit Company, LLC ("Creditor"/ "Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d) as to certain Motor Vehicle, more commonly known as a 2017 Nissan Versa, Vin #3N1CN7AP7HL846856 (the "Vehicle"), it is hereby agreed as follows:

Katie E. Bryant a/k/a Katie Blue a/k/a Katie Bryant Blue ("Debtor") acknowledges that they are due for the following post-petition regular monthly payments and amounts as follows:

Bi-Weekly Payments (3/13/21 – 3/27/21 @ *$207.86*) ........$415.72
Attorney's fees/costs.............................................................$631.00
Post-Petition Late Fees......................................................... $20.00
Less Debtor's Suspense.......................................................($40.68)
Arrears ("Arrears")............................................................$1,026.04

1. Debtor shall cure the remaining Arrears as set forth above by paying one-twelfth (1/12) of the Arrears every two weeks (***$85.51/bi-weekly***) for the next twelve (12) bi-weekly payments, together with the regular bi-weekly payment (currently ***$207.86/bi-weekly***), for a total combined payment of ***$293.37*** or the next twelve (12) bi-weekly payments beginning on ***April 10, 2021***. In the event the payment changes for any reason, then the amount due pursuant to this Paragraph shall be adjusted accordingly. Thereafter, Debtor agrees to continue making the regular bi-weekly payments.

2. Debtor shall make the regular monthly payments required to the Trustee.

    3.    Debtor shall send all payments due directly to Creditor at the address below:

**Bridgecrest Credit Company, LLC**
**P.O. Box 29018**
**Phoenix, AZ 85038**

Bridgecrest Credit Company, LLC's loan #**xxxxx6802** must appear on each payment.

    4.    In the event Debtor fails to amend his plan or make any of the payments set forth hereinabove on or before their due dates, Creditor and/or Counsel shall give Debtor and Counsel for Debtor notice of the default. If Debtor does not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtor and Counsel for Debtor, Creditor shall be entitled to the entry of an order for relief from the bankruptcy stay.

    5.    The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

    6.    Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a under state and federal law including, but not limited to, Movant's ability to repossess the Vehicle pursuant to the Contract and allow Movant or any other purchaser at auction for its enforcement of and its right to possession of, title to, and/or purchase of the Vehicle.

    7.    In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtor shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtor fails to make payments in accordance with this paragraph then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

    8.    It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

    9.    The undersigned parties request that the Court enter an Order approving this Consent Order/Stipulation and the terms therein.

By signing this Stipulation, Counsel for Debtor represents that the Debtor is familiar with and understands the terms of this Stipulation and agrees to said terms regardless of whether the Debtor has actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

/s/ Antonio, Bonanni
Antonio, Bonanni, Esquire
Counsel for Creditor

Date: 04/01/2021

/s/
Christopher G. Cassie, Esquire
Counsel for Debtor

Date: 4/23/2021

/s/ Jack Miller, Esquire **
for William C. Miller, Esquire
Trustee
Date: 04/26/2021

**Trustee has no objection to the terms, without prejudice
to any of our rights and remedies

AND NOW, this _____ day of _____, 2021, it is hereby ORDERED that this Stipulation Agreement between the parties is hereby approved.

_____
Honorable Ashely M. Chan
U.S. Bankruptcy Judge